FILED
APR - 3 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

06-260 C

JAMES DAVID THOMPSON, JR., and
ELIZABETH GAIL THOMPSON — PLAINTIFFS

VERSUS — CIVIL ACTION NO. 2:05cv86-KS-JMR

TRUSTMARK NATIONAL BANK — DEFENDANT

CONSOLIDATED WITH

TRUSTMARK NATIONAL BANK — PLAINTIFF

VERSUS

JAMES DAVID THOMPSON, JR., JOHN B. NEWSOM, III,
MILDRED A. NEWSOM, T. HARRIS COLLIER, III, and
THE UNITED STATES DEPARTMENT OF AGRICULTURE — DEFENDANTS

ORDER

This matter is before the court on the motion of Defendant United States Department of Agriculture for dismissal for lack of subject matter jurisdiction or, in the alternative, for summary judgment. The court, having reviewed the motion, the response, the submissions of the parties and applicable law, and being thus fully advised in the premises, FINDS that it does not have subject matter jurisdiction and that the case should be in part transferred to the Court of Federal Claims and in part remanded. The court finds more specifically as follows:

In February of 1987, James and Elizabeth Thompson applied for a farm operating loan through a guaranteed loan program which was then administered by the Farmers Home Administration (FmHA–now Farm Service Agency(FSA)). In January of 1988, FmHA executed the loan note guarantee and issued it to Trustmark National Bank for the amount of $70,000.00, guaranteed at ninety percent. The Thompsons filed a voluntary petition under chapter 7 of the

Bankruptcy Code on November 27, 1990. On December 5, 1990, the bankruptcy court lifted the automatic stay and allowed Trustmark to foreclose on the property used as collateral for the loan. In October of 1991, the Thompsons instituted an action against Trustmark in the Chancery Court of Lawrence County. In November of 1991, Trustmark filed a complaint in the Chancery Court of Lawrence County against James Thompson and others to cure certain title problems. Early in 1992, Trustmark initiated foreclosure proceedings against the Thompsons. In May of 1992, the actions filed by and against Trustmark were consolidated. Having received USDA's Notice of Final Maturity Date of Guaranteed Loan prior to conclusion of the judicial foreclosure proceeding against the Thompsons, on February 10, 2005, Trustmark amended its complaint to name the United States Department of Agriculture as a defendant and to assert a claim against USDA on its guaranty. Trustmark seeks a judgment against the USDA in the amount of $76,421.03 plus interest, attorneys' fees and costs. On March 30, USDA removed the case to this court. It then filed its motion to dismiss Trustmark's complaint against it for lack of subject matter jurisdiction and failure to state a claim.

By its motion, USDA takes the position that this court is without jurisdiction to entertain Trustmark's "Claim against Guarantee,"regardless of whether that claim sounds in tort or in contract. The court agrees.

Although the Federal Tort Claims Act (FTCA)does allow tort actions against the United States for money damages, before such a suit may be filed, the claimant must first file an administrative claim with the appropriate federal agency–in this case, the USDA–and obtain a ruling on the claim. 28 U.S.C. § 2675(a); *McCallister v. United States Dept. of Agric.*, 925 F.2d 841, 842 (5th Cir. 1991). As Trustmark has not shown that it presented any claim–tort or otherwise–to USDA, it has failed to comply with FTCA's administrative exhaustion requirement, and the prerequisite to

this court's exercise of jurisdiction has not been met. *See Price v. United States,* 81 F.3d 520 (5th Cir. 1996); *Coghlan v. Glickman,* 241 F. Supp. 2d 643, 648-49 (S.D. Miss. 2001), *aff'd,* 34 Fed. Appx. 963 (5th Cir. 2002).

In its Complaint, Trustmark refers to USDA's "default under the Guarantee"and alleges that the "USDA has not fulfilled its obligations under the Guarantee." To the extent that this constitutes a breach of contract claim, this court's jurisdiction must be determined by reference to The Tucker Act, 28 U.S.C. § 1491. *See Farmers & Merchants Bank v. United States,* 43 Fed. Cl. 38, 40 (1999) (analyzing subject matter jurisdiction in action seeking damages for breach of a loan note guarantee). The Tucker Act confers general jurisdiction on the United States Court of Federal Claims "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Court of Federal Claims has *exclusive* jurisdiction for monetary claims against the United States for more than $10,000.00. 28 U.S.C. 1346(a)(2) ("Little" Tucker Act giving district courts concurrent jurisdiction for claims not exceeding $10,000.00).

The elements for Tucker Act jurisdiction in the Court of Federal Claims are satisfied in this case: The suit makes a claim against the United States by way of naming the Department of Agriculture as a defendant. The dispute is contractual in nature. The amount in controversy– more than $76,421.03–exceeds $10,000.00. Accordingly, this court lacks subject matter jurisdiction over Trustmark's complaint against the USDA. *Brazos Elec. Power Coop. v. United States,* 144 F.3d 784, 788 (Fed. Cir. 1998) (also holding that because the plaintiff made a claim for monetary damages and had an adequate remedy in the Court of Federal Claims, district court jurisdiction under the Administrative Procedures Act was barred).

When, as here, a federal court finds "there is a want of jurisdiction," 28 U.S.C. § 1631

allows transfer of the action to a court where the action may properly be brought. *Brazos,* 144 F.3d at 786. That done, there exists no independent basis for subject matter jurisdiction in this court over the remaining claims brought by or against Trustmark National Bank.

IT IS THEREFORE ORDERED AND ADJUDGED that the claims of Trustmark National Bank against the United States Department of Agriculture shall be severed from this action and transferred to the Court of Federal Claims.

IT IS FURTHER ORDERED AND ADJUDGED that all other claims by and against Trustmark shall be remanded to the Chancery Court of Lawrence County, Mississippi.

SO ORDERED AND ADJUDGED this the 25th day of October, 2005.

***s/ Keith Starrett***
UNITED STATES DISTRICT JUDGE